IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Rashad Saleem Muhammad,<br><br>Petitioner,<br><br>vs.<br><br>Eric Holder, Mathew Modica, and Al Cannon,<br><br>Respondents. | C/A No.: 1:12-25-PMD-SVH<br><br>REPORT AND RECOMMENDATION |

Petitioner Rashad Saleem Muhammad ("Petitioner") is a federal pretrial detainee in the Charleston County Detention Center ("CCDC") who filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks to be released from the CCDC. An interlocutory appeal filed by Petitioner's attorney is pending before the Fourth Circuit. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Petitioner was originally indicted in the underlying criminal case on December 9, 2008. *United States v. Muhammad,* Cr. No. 2:8-1237-PMD [Entry #1]. On October 13, 2010, a second superseding indictment was filed against Petitioner and his co-defendants asserting five counts, including possession with intent to distribute marijuana, conspiracy

to distribute marijuana, unlawful transport of firearms, and use of a firearm during and in relation to a drug trafficking crime. [*Id.* at Entry #161 at 1–4].

Trial of the criminal case began on May 2, 2011. [*Id.* at Entry #406 at 3]. The government called as a witness Special Agent Christopher Neville ("Agent Neville"). *Id.* During his testimony, Agent Neville used his file to refresh his recollection as to particular dates. *Id.* At the end of Agent Neville's testimony for that day, Petitioner's attorney questioned whether he had been provided everything in his file pursuant to Fed. R. Evid. 612. *Id.* The government assured all three defense counsel that they had already been provided everything in Agent Neville's file. *Id.* Additionally, the Assistant United States Attorney ("AUSA") represented as an officer of the court that everything had been produced. *Id.* Later that evening, the AUSA reviewed the file and discovered several pages of handwritten notes that had not been produced. *Id.* He immediately emailed copies of those notes to each defendant's lawyer. *Id.* Specifically, the documents included notes indicating that Petitioner's co-defendant made a statement to officers contradicting his prior statement regarding Petitioner's whereabouts on the night of the events leading to his arrest. *Id.* at 4.

Petitioner's attorney argued that the court should dismiss the indictment and/or declare a mistrial and attach jeopardy to the mistrial based on prosecutorial misconduct. *Id.* He asked for a mistrial only if the court would immediately grant a motion to dismiss based on double jeopardy. *Id.* The attorneys for Petitioner's co-defendants joined in the motion, and also made other motions including a motion for suppression of statements

and for the cases to be severed in the event the court ordered a mistrial without dismissal of the charges. *Id*. at 4–5.

The court declared a mistrial because of the incurable problems associated with attempting to continue with a joint trial, but found that there was no intentional prosecutorial misconduct that would rise to a level entitling the defendants to a dismissal of the charges. *Id*. at 5–6. Petitioner filed a motion to dismiss the indictment against him, arguing he did not consent to the mistrial and that it was not manifestly necessary. *Id*. at 6. The court denied Petitioner's motion. *Id.* at 16. Petitioner filed an interlocutory appeal of the denial of the motion to dismiss with the Fourth Circuit, that remains pending. *In re: Rashad Muhammad*, No, 11-2400.

II. The Habeas Petition

Petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 4, 2012. [Entry #1]. Petitioner seeks to be released from the CCDC pending the ruling on his appeal from the Fourth Circuit. *Id.* at 1. Petitioner alleges he has been detained nearly three years ("over 900 days"), but has not yet been tried. *Id.* at 10. He alleges he is, therefore, entitled to be released. *Id.*

In support of his allegation, Petitioner claims he, and in some cases his attorney, made multiple motions for bail which have all been denied. *Id.* at 5–8. He states the judges who heard his motions failed to comply with certain "codes" that require a detention order to include written findings of fact and a written statement of the reasons for the detention. *Id.* at 5–6. He also alleges the judges failed to adequately address certain statutory "factors." *Id.* at 5. Additionally, Petitioner argues that the judges failed

to address the "nature and circumstances" of the offenses charged, and did not address Petitioner's family ties, or employment. *Id.* Petitioner alleges no orders were filed from which he could file an appeal. *Id.* at 5–6. According to Petitioner, two new counts and two co-defendants were added to his criminal case after almost two years with no new evidence and one week before trial. *Id.* at 6. He complains that his co-defendants were immediately given bonds. *Id.* He also alleges that his co-defendants sought, and were given continuances. *Id.* at 7.

Petitioner states that the exculpatory evidence that was discovered during his trial was available 14 months earlier. *Id.* He alleges the government has acknowledged that he has been held for almost 40 months, yet has sought two extensions. *Id.* at 8.

Petitioner maintains there has been "partisanship shown by the trial judge" for the government despite the "overwhelming" evidence of his innocence and the governments "blatant misconduct." *Id.* at 7–8. He states that the "[B]rady violation ... weakened an already monumentally flawed case." *Id.* at 5, 8, 10. Petitioner further states there has been no showing that he is a "flight risk" when, in fact, he "self-surrendered." *Id.* at 10. Petitioner attaches to his pleading a transcript in which he alleges his attorney "rebutted the presumption of dangerousness and risk of flight." *Id.*

III. Discussion

    A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for

the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B.  Analysis

  As a federal pretrial detainee, Petitioner may not use a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 to collaterally attack the rulings made during the course of his criminal pretrial proceedings. The issues which Petitioner raises in his habeas petition are properly raised during his criminal case and in any subsequent direct appeal he may file. *See Garcon v. Palm Beach County Sheriff's Office*, No. 07-15294, 291 Fed. Appx. 225, 226 (11th Cir. August 22, 2008) (affirming dismissal of federal

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

pretrial detainee's habeas petition arguing indictment was invalid, counsel had been ineffective, and his rights under the Speedy Trial Act had been violated). Petitioner's underlying criminal case and his interlocutory appeal to the Fourth Circuit are both still pending. The filing of his habeas petition is, therefore, premature. *See id.*

Furthermore, a district court does not have jurisdiction over a habeas petition where issues could be dispositive of underlying criminal charges if resolved in Petitioner's favor, and Petitioner has not exhausted his claims at trial and on direct appeal. *See Morrow v. Terrell*, 715 F. Supp. 2d 479, 480 (S.D.N.Y. 2010) (*citing Johnson v. Ashcroft*, 40 Fed. Appx. 633, 634 (2nd Cir. 2002) (where "criminal trial ... [has] not yet commenced[,]" § 2241 petition filed by federal detainee [is] "premature" and district court lacks subject matter jurisdiction)).

IV.  Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

February 27, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).