# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rashad Saleem Muhammad, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 1:12-25-PMD-SVH |
| v. ) | |
| ) | **ORDER** |
| Eric Holder, Mathew Modica, and Al ) | |
| Cannon, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Rashad Saleem Muhammad ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), DSC, this matter was referred to a United States Magistrate Judge ("Magistrate") for pre-trial proceedings and a Report and Recommendation ("R&R"). This matter comes before the Court upon Petitioner's Objections to the Magistrate's R&R recommending dismissal of Petitioner's habeas petition.

## BACKGROUND

### I. Factual Background

Petitioner was originally indicted on criminal charges on December 9, 2008 and ordered detained immediately after an arraignment hearing on December 30, 2008. On April 15, 2009 the government obtained a superseding indictment against Petitioner, and on October 13, 2010 a second superseding indictment was filed against Petitioner. The second superseding indictment added two co-defendants and charged five counts—possession with intent to distribute marijuana, conspiracy to distribute marijuana, unlawful transport of firearms, and use of a firearm during and in relation to a drug trafficking crime.

A jury trial on those charges began on May 2, 2011. During the trial, a witness for the government, Special Agent Christopher Neville, used his file to refresh his recollection as to particular dates that he was asked about during his testimony. Petitioner's attorney questioned whether he had been provided everything in Special Agent Neville's file pursuant to Fed. R. Evid. 612. Upon reviewing the file that evening, the Assistant United States Attorney discovered several pages of handwritten documents that had not been produced. He immediately emailed copies of those notes to each Defendant's lawyer. Specifically, the documents included notes indicating that Petitioner's co-defendant made a statement to officers contradicting his prior statement regarding Petitioner's whereabouts on the night of the events leading to his arrest. Petitioner argued that the Court should dismiss the indictment and/or declare a mistrial and attach jeopardy to the mistrial based on prosecutorial misconduct. Petitioner asked for a mistrial only if the Court would immediately grant a motion to dismiss based on double jeopardy.

The Court declared a mistrial because of the incurable problems associated with attempting to continue with a joint trial, but found that there was no intentional prosecutorial misconduct that would rise to a level entitling the defendants to a dismissal of the charges. In response, Petitioner filed a motion to dismiss the indictment against him, arguing that he did not consent to the mistrial and that it was not manifestly necessary. The Court denied Petitioner's motion. Petitioner then filed an interlocutory appeal of the denial of the motion to dismiss. That appeal is currently pending.

**II.     The habeas petition filed pursuant to 28 U.S.C. §2241**

Petitioner filed his petition for writ of habeas corpus on January 4, 2012. Petitioner seeks bond, so he can be released from custody while the underlying criminal action against him is on interlocutory appeal. Petitioner asserts the following eight grounds in his petition:

**Ground (1):**

Federal Magistrate Bristow Marchant detained him without any finding of fact or clear and convincing evidence, and Judge Marchant failed to comply with certain codes and failed to adequately address certain factors including the nature and circumstances of the offense charged.

**Ground (2):**

On May 22, 2009 Magistrate Judge Carr improperly denied bond. Furthermore, on July 19, 2009, before the District Court, Petitioner was erroneously denied his motion to reconsider bond because there were no written reasons or findings of fact, no court hearing, and no clear and convincing evidence that Petitioner was a flight risk or violent threat to society.

**Ground (3):**

The District Court erroneously refused to review the detention orders, and the government did not present any argument to justify detainment.

**Ground (4):**

On October 18, 2010 Petitioner again asked for bond and again it was denied improperly under the circumstances.

**Ground (5):**

On January 13, 2011 the District Court improperly denied a request for bond, especially in that the Court failed to recognize defense counsel's difficulty in meeting with Petitioner to prepare for trial. The denial of bond was also improper in light of the Court's grant of a continuance without any concern for the lengthy detention of Petitioner.

**Ground (6):**

Petitioner's request for bond after the Court declared a mistrial on May 2, 2011 was improperly denied and should have been granted in light of the government's misconduct.

**Ground (7)**:

Since the Court's July 7, 2011 dismissal of Petitioner's motion to dismiss based upon the double jeopardy clause, the government has filed for two extensions, already knowing the lengthy extent of Petitioner's detainment.

**Ground (8):**

Petitioner alleges excessive partisanship shown by the trial judge in favor of the government in spite of the government's misconduct that led to the May 2, 2011 mistrial and overwhelming evidence pointing to Petitioner's innocence.

### III. The Report and Recommendation

The Magistrate reviewed the petition and issued an R&R on February 27, 2012. The Magistrate recommended dismissing the habeas petition without prejudice and without issuance and service of process because "a district court does not have jurisdiction over a habeas petition where issues could be dispositive of underlying criminal charges if resolved in Petitioner's favor, and Petitioner has not exhausted his claims at trial and on direct appeal." R&R 6 (citing *Morrow v. Terrrell*, 715 F. Supp. 2d 479, 480 (S.D.N.Y.)(citing *Johnson v. Ashcroft*, 40 Fed. Appx. 633, 634 (2d Cir. 2002) (stating that where the "criminal trial . . . not yet commenced[,]" a § 2241 petition filed by federal detainee is "premature" and district court lacks subject matter jurisdiction)). In addition to the jurisdictional conclusion, the Magistrate also recommended dismissing the habeas petition because the Petition is premature and Petitioner improperly used

4

his habeas petition to collaterally attack the rulings made during his criminal pretrial proceedings.

## IV.  Petitioner's objections to the Report and Recommendation

Petitioner filed objections to the Magistrate's R&R on March 7, 2012.  Petitioner's objections are summarized as follows:

First, Petitioner claims the habeas petition, if granted, would not be dispositive of the underlying criminal charges pending against him, stating that "relief in such a petition will not have any effect on the Petitioner's current criminal charges" but will simply grant him "relief from a detainment order initiated over three years ago without 'any finding of fact' by the Magistrate." Pet'r's Objection to R&R 2.

Second, Petitioner argues that this Court has jurisdiction because Petitioner has exhausted his claims as evidenced by his several alleged failed attempts to overturn the Magistrate's and District Court's denial of bond.  He states that "[t]he Petitioner regarding the matter of release pending trial has in fact exhausted all remedies available regarding the reviewing of the magistrate's detainment order but have [sic] been utterly ignored."  Pet'r's Objection to R&R 2.

Finally, Petitioner contends that his Habeas petition is not premature because, unlike the Petitioner in *Garcon v. Palm Beach County Sherriff's Office*, No. 07-15294, 291 Fed. Appx. 225, 226 (11th Cir. August 22, 2008), as cited by the Magistrate, Petitioner in this case is seeking relief from custody rather than relief from pending criminal charges.

The remaining content of Petitioner's Objection to the R&R is largely a restatement of the errors made by the Magistrate and the District Court in denying Petitioner's initial and

subsequent requests for bond.[1]  For the reasons that follow, the Court agrees with Petitioner that the jurisdiction is proper in this case.  Because jurisdiction is a threshold issue, the Court does not address the remaining objections, but remands the case to the Magistrate Judge for an R&R on the nonjurisdictional issues in this case.

**ANALYSIS**

I. **Standard of Review**

The Magistrate Judge only makes a recommendation to the Court. It has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the Court reviews *de novo* those portions of the R&R that have been specifically objected to, and the Court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

Petitioner filed his complaint without a lawyer and continues *pro se*.  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal district court is charged with liberally construing a

---

[1] Petitioner's grounds for release, other than the objections listed above, as laid out in Petitioner's objections to Magistrate's R&R can be summarized as follows: (1) The District Court failed to conduct a de novo hearing, and subsequent independent review of Petitioner's circumstances, upon Petitioner's motion for review of detention order; (2) the District Court failed to follow Rule 9 of the Federal Rules of Appellate Procedure by not stating in writing or orally in the record reasons for Petitioner's detention; (3) No true risk of flight was established during arraignment and the detention hearing on December 30, 2008 did not address Petitioner's family ties, employment, etc.; (4) the Magistrate failed to make written findings of fact and/or a written statement of reasons for detention as mandated by 18 U.S.C. § 3142(i); (5) the Fourth Circuit failed to take into account the October 18, 2010 denial of bond when determining the statute of limitations had run. (6) The Fourth Circuit failed to remand the case in order for the District Court to make written statements of reasons for denial of bond and instead dismissed Petitioner's motion without reason; (7) Petitioner's indefinite detention is cruel and unusual punishment.

complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. The District Court has jurisdiction over Petitioner's habeas petition.

"[J]urisdiction to grant § 2241 relief is limited to Supreme Court justices and 'the district courts and any circuit judge within their respective jurisdictions.'" *Bruce v. Ebert*, 748 F. Supp. 2d 569, 575 (W.D. Va. 2010) (quoting 28 U.S.C.A. § 2241(a)); *see also In re Jones*, 226 F 3d. 328, 331 (4th Cir. 2000) (holding that § 2241 allows a federal prisoner to seek a writ of habeas corpus, but the petition must be filed in the district where the prisoner is confined). The statute gives federal courts the authority to issue a writ only if the petitioner is in custody. *See* 28 U.S.C. §2241(c). Therefore, when considering any petition under §2241, a federal court is confronted with threshold question whether the petitioner is "in custody" on a contested criminal conviction and sentence for purpose of establishing subject-matter jurisdiction of the court. *See Meck v. Commanding Officer, Valley Forge Gen. Hosp.*, 452 F.2d 758 (3d Cir. 1971); *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3d Cir. 1984) (an individual must be "in custody" in order to be eligible for federal habeas corpus relief).

The Magistrate Judge, relying on *Morrow v. Terrrell*, 715 F. Supp. 2d 479, 480 (S.D.N.Y.) concluded that this Court lacked jurisdiction to rule on Muhammad's petition. In *Morrow*, the petitioner, a federal pre-trial detainee, sought relief from detention and dismissal of his indictment. *Id.* In *Morrow*, the court dismissed the habeas petition because the issues that the petition raised, "if resolved in [the petitioner's] favor, would be dispositive of the underlying criminal charges for which he has been indicted, he must exhaust his claims at trial and on direct appeal before he can assert them in a habeas action." *Id.* at 480 (citing *Johnson v. Ashcroft*, 40 Fed. Appx. 633, 634 (2d Cir.2002) (stating that where "criminal trial . . . not yet commenced[,]"

the § 2241 petition filed by federal detainee is "premature" and district court lacks subject matter jurisdiction); *Garcon v. Palm Beach Cnty. Sheriff's Office*, 291 Fed. Appx. 225, 226 (11th Cir. 2008) (holding federal pretrial detainee's § 2241 petition premature where claims he asserts "are properly brought during his criminal case and subsequent direct appeal, should he choose to file one")). The jurisdictional decision in *Johnson* dealt with the custody requirement of § 2241(c):

> We affirm both orders because the district court lacked subject matter jurisdiction to entertain either petition. Johnson does not satisfy the "in custody" predicate of 28 U.S.C. § 2241(c) because he was not in the custody of the INS at the time he submitted his petitions for habeas relief. *See* 28 U.S.C. § 2241(c).

*See Johnson*, 40 Fed. Appx. at 634. After determining that the district court lacked jurisdiction because the petitioner was not in custody when he filed his petitions, the Second Circuit noted that even if that requirement was satisfied by the pleading, the petition was premature. *Id.* ("Even if we construe Johnson's *pro se* petition liberally so as to conclude that it seeks relief from the Bureau of Prisons, we find that the petition would be premature because, at the time Johnson submitted the petition, his criminal trial had not yet commenced."). *Morrow* and *Johnson* do not apply in this case to defeat jurisdiction. Petitioner is currently in custody within the district. Therefore, pursuant to 28 U.S.C. § 2241(c) jurisdiction is appropriate.

Additionally, to the extent that *Morrow* provides that the court lacks jurisdiction to entertain petitions pursuant to §2241, it does not apply to this case. In *Morrow* the court's decision was based on the fact that the relief sought in the petition would be dispositive of the petitioner's criminal case. This case presents a different scenario. If this Court were to grant Petitioner's habeas application, it would not be dispositive of the underlying criminal charges because Petitioner's habeas petition only seeks release pending the outcome of the matters currently on interlocutory appeal in his criminal case, not a dismissal of the indictment.

Therefore, to the extent *Morrow* addressed a district court's jurisdiction over a petitioner's § 2241 petition, it is inapposite to this case.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that Petitioner's § 2241 petition is **REMANDED** to the Magistrate Judge for a Report and Recommendation on the remaining issues.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**April 24, 2012**
**Charleston, SC**