IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Rashad Saleem Muhammad, | ) | C/A No.: 1:12-25-PMD-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Eric Holder, Mathew Modica, and Al Cannon, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Rashad Saleem Muhammad ("Petitioner") is a federal pretrial detainee in the Charleston County Detention Center ("CCDC") who filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the petition seeking to be released from the CCDC pending an interlocutory appeal in the Fourth Circuit and disposition of the criminal charges against him in *United States v. Muhammad,* Cr. No. 2:08-1237-PMD ("Criminal Action"). This matter comes before the court on Respondent's motion for summary judgment [Entry #28]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #29]. Petitioner filed a timely response on August 1, 2012 [Entry #31], as supplemented on August 15, 2012 [Entry #32]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.      Procedural Background

The procedural background giving rise to the petition is lengthy and somewhat complicated, as briefly summarized herein.   On December 9, 2008, Petitioner was originally indicted in the Criminal Action.  [Criminal Action, Entry #2].  On April 15, 2009, a superseding indictment was filed against Petitioner.   [*Id.* at Entry #59].   On October 13, 2010, a second superseding indictment ("Indictment") was filed against Petitioner and his co-defendants asserting five counts, including possession with intent to distribute marijuana, conspiracy to distribute marijuana, unlawful transport of firearms, and use of a firearm during and in relation to a drug trafficking crime.  [*Id.* at Entry #161 at 1–4].

Trial of the Criminal Action began on May 2, 2011.  [*Id.* at Entry #347].  On May 3, 2011, the court declared a mistrial and denied Petitioner's motion to dismiss the Indictment. [*Id.* at Entry #347]. On July 15, 2011, Petitioner filed an interlocutory appeal of the denial of the motion to dismiss ("Interlocutory Appeal on Dismissal"). [*Id.* at Entry #404].  The Interlocutory Appeal on Dismissal remains pending at the Fourth Circuit, with oral argument scheduled for September 21, 2012. [*See* http://pacer.ca4.uscourts.gov/ calendar/09182012.htm at 20].

In December 2011, Petitioner simultaneously filed two petitions pursuant 28 U.S.C. § 2241 seeking release from prison pending the legal outcome of his interlocutory appeal, one with the Fourth Circuit [*In re: Rashad Muhammad*, No. 11-2400; also referenced in the Criminal Action on December 22, 2011 at Entry #428], and the instant

petition in the District Court [Entry #1 at 1].[1]  On February 27, 2012, the undersigned issued a Report and Recommendation ("R&R") [Entry #11] recommending dismissal of the petition for lack of jurisdiction.  On April 24, 2012, the Honorable Patrick Michael Duffy entered an order ("Order on R&R") rejecting the R&R, finding jurisdiction is appropriate pursuant to 28 U.S.C. § 2241(c), and remanding the petition to the undersigned for a further R&R on the remaining issues. [Entry #18].

On April 24, 2012, the same day that Judge Duffy entered his Order on R&R, the Fourth Circuit entered the following order: "Rashad Saleem Muhammad has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2241 (West 2006 & Supp. 2011) and a motion for release or bail. His petition and motion are DENIED." [*In re: Rashad Muhammad*, No. 11-2400; also filed in the Criminal Action on April 25, 2012 at Entry #442].

Meanwhile, Petitioner's appointed criminal defense attorney filed a motion for a psychological/psychiatric examination on January 26, 2012 in the Criminal Action. [Criminal Action, Entry #430].  Because the District Court lacked jurisdiction to rule on the motion due to the pending Interlocutory Appeal on Dismissal, the motion was transferred to the Fourth Circuit on February 10, 2012. [*Id.* at Entry #436].  On August 20, 2012, the Fourth Circuit remanded the motion to the District Court for disposition.

---

[1] The petition was received by the court on December 27, 2011 and docketed on January 4, 2012. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack,* 487 U.S. 266 (1988). Petitioner dated his petition December 16, 2011, and dated his cover page December 17, 2011.  It is unclear when he deposited the petition in the prison mailing system, but the precise date is not relevant to the issues herein.

[*Id.* at Entry #452].  On August 27, 2012, the District Court granted the motion and ordered Petitioner be committed to the custody of the Attorney General for a psychological/psychiatric examination. [*Id.* at Entry #456].

Independently, in the instant action, Respondent filed the pending motion for summary judgment on July 19, 2012 [Entry #28], to which Petitioner has responded pro se.  [Entry #31, #32].

II.      Discussion

      A.       The Habeas Petition

In his pro se petition, Petitioner originally sought to be released from the CCDC pending a ruling on his Interlocutory Appeal on Dismissal. [Entry #1 at 1].  As an initial matter, the Fourth Circuit dismissed Petitioner's § 2241 petition filed with that court, so it may be that his identical request in this court is barred by res judicata and collateral estoppel.

Alternatively, the undersigned addresses the issues raised in the petition on their merits pursuant to the directive in the Order on R&R.  The undersigned notes that although Petitioner's original petition sought release pending the ruling on his interlocutory appeal, in his response to the summary judgment motion, Petitioner also seeks release "pending the final legal outcome of the current criminal charges." [Entry #31 at 1].

In support of his allegation that he is entitled to be released, Petitioner states that he, and in some cases his attorneys,[2] made multiple motions for bail which have all been denied. *Id.* at 5–8. He states that the detention orders failed to include written findings of fact and a written statement of the reasons and failed to address all the statutory factors in 18 U.S.C. § 3142(g). Petitioner complains that no orders were filed from which he could file an appeal. *Id.* at 5–6.

A review of Petitioner's Criminal Action docket reveals the following timeline relevant to his detention and motions for bond:

| | |
|---|---|
| 12/30/08 | Petitioner appears before Magistrate Judge Marchant for arraignment on original indictment and government moves for detention. [Entry #11]. Magistrate Judge Marchant holds a detention hearing and orders detention. [Entry #14; detention hearing transcript at Entry #223]. |
| 3/25/09 | Judge Duffy denies oral motion to revisit the bond issue. [Entry #55 at 7]. |
| 4/15/09 | Grand jury returns superseding indictment against Petitioner, which adds count of being a felon in possession of firearms and ammunition (18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)) and a count of using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)). [Entry #59]. |
| 4/28/09 | Petitioner appears before Magistrate Judge Marchant for arraignment on superseding indictment and Petitioner remains in detention. [Entry #64; transcript at Entry #224]. |
| 5/5/09 | Petitioner files a motion for bond reconsideration. [Entry #66]. |
| 5/8/09 | Magistrate Judge Robert S. Carr holds a bond hearing, at which Petitioner's attorney reiterates prior arguments for bond. Judge Carr asks what change in circumstances justifies a change in detention status, and Petitioner's |

---

[2] The undersigned notes that Petitioner has had several attorneys represent him in the Criminal Action at various points of the proceedings, including one retained counsel and five replacement appointed counsel. Attorney Russell Mace has represented him since July 2010 in the Criminal Action.

counsel responds "a change in circumstances is with regard to his financial condition with regard to his family." Judge Carr instructs defense counsel that if his position is that the financial information in Petitioner's pretrial services report is incorrect or outdated, he should compile appropriate documentation, directing "you get together his financial affidavits and statements and we'll reconvene the hearing." [Entry #71; bond hearing transcript at Entry #225].

5/22/09  Judge Carr reconvenes bond hearing, hears extended discussion of Petitioner's financial situation, remarks that the court was left with "more questions than answers" because it could not make the financial statements "jive." [Entry #226 at 20, 17]. Judge Carr states "I'm going to leave the bond the way it is. But I'll encourage you to take it up with Judge Duffy, if you'd like." [Entry #78; bond hearing transcript at Entry #226 at 20].

7/14/09  Petitioner files a motion for bond reconsideration addressed to Judge Duffy, containing no argument but noting that Judge Carr had denied previous motion and had directed Petitioner to take up the matter with Judge Duffy for final resolution. [Entry #81].

7/17/09  Judge Duffy enters text order denying motion for reconsideration of denial of bond. [Entry #82].

8/3/10  Petitioner files another pro se motion for bond before Judge Duffy, which his attorney adopted, arguing that Petitioner's detention, coupled with multiple substitutions of counsel and continuances granted, violated due process. [Entry #145].

8/10/10  Judge Duffy enters text order denying motion for bond. [Entry #148].

8/11/10  Judge Duffy holds contempt hearing on a separate matter and Petitioner's counsel broaches Petitioner's request for bond, arguing that "there were no findings of fact previously established in any order denying that bond, and giving a basis for it," and requesting "an order showing why he's not entitled to bond on this particular case, with those specific reasons." Judge Duffy responds that he is not going to release Petitioner on bond or rewrite the order of detention the Magistrate Judge issued. [Entry #150; hearing transcript at Entry #229]

9/1/10  Petitioner submits pro se letter to Judge Duffy complaining that he had not been impartial in denying his bond requests and asking for Judge Duffy's recusal and a change of venue. Judge Duffy denies the request. [Entry #154, #155].

| | |
|---|---|
| 10/13/10 | Grand jury returns Indictment against Petitioner, which adds one count of conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846) and one count of conspiracy to commit money laundering (18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1957, 2, and 1956(h)). [Entry #161]. |
| 10/27/10 | Petitioner appears before Judge Carr for arraignment on Indictment and remains in detention. [Entry #210]. |
| 10/29/10 | Petitioner submits another pro se letter, this time addressed to then-Chief Judge David C. Norton, detailing his grievances with Judge Duffy, asking for Judge Duffy's recusal and a change of venue. [Entry #212]. In the nine-page letter, Petitioner does not ask the court to reconsider bond.[3] Judge Norton forwards the letter to the Clerk's Office [Entry #213], which files it on the docket of the Criminal Action. |
| 11/2/10 | Judge Duffy denies the requests for recusal and change of venue contained in the letter. [Entry #214]. |
| 11/4/10 | Petitioner files interlocutory appeal of denial of release from detention with Fourth Circuit. [Entry #217]. |
| 11/24/10 | Fourth Circuit dismisses Petitioner's interlocutory appeal of denial of release from detention. [Entry #240]. |
| 12/16/10 | Fourth Circuit issues mandate and judgment on interlocutory appeal of denial of release from detention. [Entry #244]. |
| 1/13/11 | Judge Duffy holds pretrial conference and denies Petitioner's oral request for bond. [Entry #266; hearing transcript at Entry #268]. |
| 5/3/11 | Judge Duffy declares mistrial and denies Petitioner's motion for reconsideration of bond. [Entry #348; hearing transcript at Entry #363]. |
| 5/25/11 | Petitioner files a motion to dismiss the Indictment. [Entry #364]. |
| 7/7/11 | Judge Duffy denies Petitioner's motion to dismiss the Indictment. [Entry #398; hearing transcript at Entry #411; written order at Entry #406]. |

---

[3] The Clerk's Office incorrectly docketed the letter as a "Motion for Reconsideration of Order of Detention." However, Petitioner never asked for a reconsideration of bond in the letter.

| 7/15/11 | Petitioner files Interlocutory Appeal of Dismissal with Fourth Circuit. [Entry #404]. |
|---|---|
| 12/22/11 | Petitioner files simultaneous petitions pursuant to 28 U.S.C. § 2241 in Fourth Circuit and District Court seeking release from prison pending the legal outcome of his interlocutory appeal. [Entry #428 in Criminal Action; and instant petition]. |
| 4/24/12 | Fourth Circuit denies Petitioner's petition pursuant to 28 U.S.C. § 2241 for release from detention and for bail. [Entry #442]. Judge Duffy enters Order on R&R and remands for further R&R. [Entry #18 in the instant action]. |
| 8/27/12 | Judge Duffy orders Petitioner committed for a psychological/psychiatric examination. [Entry #456]. |

Against this background, Petitioner states the following grounds in his § 2241 petition:

**Ground One:** Petitioner argues that on December 30, 2008, the Magistrate Judge detained him without any findings of fact or clear and convincing evidence that he was a risk of flight or violent threat to society and complains that there was no AO472 form filed, which he claims did not allow him to appeal.

**Ground Two:** Petitioner argues that he filed a motion for bond on January 22, 2009, and that the District Judge delayed ruling on the motion until March 25, 2009 due to the expected superseding indictment of April 15, 2009. Petitioner argues that another Magistrate Judge denied bond on May 22, 2009 in the "same manner" as the prior Magistrate Judge with no findings of fact or written statement of reasons. He argues that he filed a motion to reconsider bond on July 14, 2009, which he claims was denied on July 17, 2009 without any written reasons or findings of fact or court hearing.

**Ground Three:** Petitioner argues that he filed his third motion for bond pro se on August 3, 2010, which was adopted by defense counsel, and the motion was denied on August 11, 2010 without any argument presented by the government.

**Ground Four:** Petitioner argues that after the superseding indictment of October 13, 2010, he asked for bond on October 18, 2010, due to the

government's request for a continuance shortly before jury selection. Petitioner states the court denied the bond noting the additional charges, but did not issue an order.

**Ground Five:**    Petitioner argues that on January 13, 2011 the District Court improperly denied a request for bond, especially in that the court failed to recognize defense counsel's difficulty in meeting with Petitioner to prepare for trial. He argues that the denial of bond was also improper in light of the court's granting of a continuance without any concern for the lengthy detention of Petitioner.

**Ground Six:**    Petitioner argues that his request for bond, made after the court had declared a mistrial on May 2, 2011, was improperly denied and should have been granted in light of the government's alleged misconduct.

**Ground Seven**:    Petitioner argues that since the court's July 7, 2011 denial of Petitioner's motion to dismiss based upon the double jeopardy clause, the government has filed for two extensions, already knowing the lengthy extent of Petitioner's detainment.

**Ground Eight:**    Petitioner alleges "excessive partisanship" shown by the trial judge in favor of the government "in spite of the 'overwhelming' evidence pointing to [Petitioner's] innocence, and the government's blatant misconduct."

[Entry #1 at 5–8].

B.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[4] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys.

---

[4] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

C. Analysis

1. Petitioner Failed to Properly Exhaust his Remedies

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. *See, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 484–85 (1973). Pretrial detainees may file a habeas corpus petition pursuant to 28 U.S.C. § 2241; *United States v. Tootle,* 65 F.3d 381, 383 (4th Cir. 1995). However, to be eligible for habeas corpus relief under § 2241, a federal pretrial detainee must first exhaust other available remedies. *See, e.g., United States v. Addonizio,* 442 U.S. 178, 184 n. 10 (1979) ("the writ of habeas corpus should not do service for an appeal"); *Jones v. Perkins,* 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and

habeas corpus should not be granted in advance of a trial."); *Fassler v. United States,* 858 F.2d 1016, 1018–19 (5th Cir. 1988) (per curiam) (absent unique circumstances, defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito,* 861 F.2d 1006, 1009 (7th Cir. 1987) (defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *Kotmair v. United States,* 143 F.Supp.2d 532, 534 (E.D.N.C. 2001).

A review of the record reveals that Petitioner did not appeal the detention order to the Fourth Circuit by way of 18 U.S.C. § 3145, but he now seeks release from custody by an application for a writ of habeas corpus under 28 U.S.C. § 2241.

Section 3145 provides in part:

> **(b) Review of a detention order.**—If a person is ordered detained by a magistrate, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.
>
> **(c) Appeal from a release or detention order.**—An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3142(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(b)–(c).

As *Pipito* and *Fassler* make clear, that one remedy which should be exhausted by a federal pretrial detainee prior to filing a habeas petition under § 2241 is a motion for review of the detention order pursuant to § 3145. Petitioner's remedy for attacking his detention was to timely appeal the District Court's affirmance of the Magistrate Judge's detention order to the Fourth Circuit, but he did not do so. His failure to do so is fatal to his attempt now to achieve the same end by another route.

On December 30, 2008, the Magistrate Judge issued an oral detention order under which Petitioner in this case was originally detained. [Criminal Action, Entry #14; detention hearing transcript at Entry #223]. Petitioner did not seek review of the detention order by the District Judge pursuant to § 3145(b). Instead, Petitioner's counsel orally moved for bond at a motions hearing on March 25, 2009. After being arraigned on the superseding indictment on April 28, 2009, Petitioner remained in custody. [*Id.*, Entry #64]. Thereafter, he filed a motion for bond on May 5, 2009 and had a bond hearing on May 8, 2009 (and continued on May 22, 2009) before the Magistrate Judge, who denied bond. [*Id.*, Entry #66, #71, #78, #225, #226]. On July 14, 2009, Petitioner filed a motion for reconsideration of the denial of bond [*id.* at Entry #81], which was denied by text order [*id.* at Entry #82]. Thereafter, on August 3, 2010, Petitioner filed another motion for bond [*id.* at Entry #145] and had a bond hearing on August 4, 2010 before the District Judge, who denied bond on August 10, 2010 [*id.* at Entry #147; #228] and again on August 11, 2010 [*id.* at Entry #150; #229].

Almost three months later, on November 4, 2010, Petitioner, through counsel, filed a bail appeal to the Fourth Circuit. [*Id.* at Entry #217]. However, Petitioner's notice

of appeal was untimely, as outside the 14-day window provided by F.R.A.P. 4(b)(1)(A), and beyond even the possible 30-day good cause extension under F.R.A.P. 4(B)(4). Although Petitioner's notice of appeal recited that he was appealing "the denial of the defendant's motion for bond entered on the 10th day of August 2010 and the denial of the defendant's motion for reconsideration of his Order of detention entered on the 2nd day of November" [*id.*], the order entered on November 2, 2010 was not an "order of detention," but an order denying recusal of Judge Duffy and a change of venue [*id. at* Entry #214]. Because a timely notice of appeal from that order did not properly present the issue of detention to the Fourth Circuit pursuant to § 3145, Petitioner did not properly exhaust all remedies available to him under § 3145. On November 24, 2010, the Fourth Circuit entered the following order: "Upon review of the memoranda relative to this bail appeal, the court dismisses this appeal." [*Id.* at Entry #240].

Even assuming Petitioner has or had exhausted his § 3145 remedies through a proper appeal to the Fourth Circuit, given the procedural posture of this case, it does not appear that relief through § 2241 is warranted. Petitioner filed multiple motions for bond and reconsideration of his continued detention. Petitioner has already filed a § 2241 petition with the Fourth Circuit, which has been denied. Separately, Petitioner's Interlocutory Appeal on Dismissal is pending. Petitioner filed this additional habeas action challenging the ruling on his motion for bond. As this court and the Fourth Circuit have already ruled on the bail issue, entertaining a habeas petition raising the same issue would allow for duplicitous litigation.

2.    Merits Review

For the sake of completeness, the undersigned addresses the arguments in contained in Petitioner's eight grounds, which can be regrouped into the following categories of complaints: (1) that he was not provided a written detention order with findings of fact and statements of reasons; (2) his subsequent denials of bail were without hearing and argument from the government; (3) that the absence of an AO472 form resulted in his inability to appeal from the order of detention; (4) that the court delayed in ruling on his bond requests; and (5) that the trial judge showed excessive partisanship.

1)    No Written Detention Order and Statement of Reasons

Petitioner asserts that he is entitled to immediate release because the procedural requirements of 18 U.S.C. § 3142(i) were allegedly not met because he was not provided a written detention order or AO472 form with findings of fact or statement of reasons. This contention is without merit.

Petitioner has identified no requirement for a particular form to be used.   Further, the transcript of the detention hearing, which evinces a clear and legally sufficient basis for the court's determination, satisfies the requirements of § 3142(i).   Section 3142(i) merely states that "[i]n a detention order issued under subsection (e) of this section, the judicial officer shall … include written findings of fact and a written statement of the reasons for the detention." Nowhere in § 3142(e) does it mandate the issuance of a written detention order.   Rather, § 3142(e) provides that if, after a detention hearing, the judicial officer finds that there is no condition or combination of conditions that will reasonably assure the defendant's appearance and the safety of the community, "such

judicial officer shall order the detention of the person before trial." This reading

comports with Rule 9(a), F.R.A.P. Release Before Judgment of Conviction, that:

> The district court must state *in writing, or orally on the record*, the reasons
> for an order regarding the release or detention of a defendant in a criminal
> case. A party appealing from the order must file with the court of appeals a
> copy of the district court's order and the court's statement of reasons as
> soon as practicable after filing the notice of appeal. An appellant who
> questions the factual basis for the district court's order must file a transcript
> of the release proceedings or an explanation of why a transcript was not
> obtained.

Rule 9(a), F.R.A.P. Release in a Criminal Case (emphasis added); *see e.g.*, *U.S. v.*

*Nwokoro*, 651 F.3d 108, 109 (D.C. Cir. 2011) (citing *U.S. v. Peralta*, 849 F.2d 625 (D.C.

Cir. 1988)); *U.S. v. Grant*, 920 F.2d 376, 390 (6th Cir. 1990); *U.S. v. Hill*, 2007 WL

547611 (N.D.W.Va. 2007); *see also Moore's Federal Practice 3D,* § 309.10[2] District

Court's Reasons for Order Regarding Release or Detention ("To assist the review

process, the district court is required to state in writing, or orally on the record, its reasons

for granting or denying the requested relief.").

In this case, the transcript of the detention hearing provides the Magistrate Judge's

findings of fact and reasons for Petitioner's detention. The undersigned submits that the

Magistrate Judges and District Judge acted within the bounds of their authority in

detaining Petitioner.

During the detention hearing, Judge Marchant heard extended argument from the

Assistant United States Attorney ("AUSA"), from Petitioner's counsel, and from

Petitioner himself. Judge Marchant noted, and the parties agreed, that because Petitioner

was charged with violating the Controlled Substance Act, he had to overcome the 18

U.S.C. § 3142(e) presumption of dangerousness and likelihood of flight. *Id.* at 2. Judge

Marchant considered the factual information in the pretrial services report as proven and

ordered the report be filed under seal. *Id.* at 3. He noted that Petitioner was "obviously

on probation" for a drug conviction when he was indicted on gun possession charges in

1994 [*id.* at 13], and that he was on bond for a DUI charge when he was charged with

drug possession, assaulting a police officer and resisting arrest. *Id.* at 13–15. Magistrate

Judge Marchant stated, "one of the basic tenets of being on a bond is that while you're on

bond, you're not supposed to get in any other trouble until those charges that you're out

on bond for are resolved. And that's where he's having a problem." *Id.* at 15. Judge

Marchant commented on the seriousness of the current charges, which included weapons

and 100 kilograms or more of marijuana, and stated, "[a]nd you put all that together with

the Government has the presumption for detention in the 3142, and I don't see a basis for

giving your client a bond." *Id.* at 14. After hearing from Petitioner, who claimed that his

criminal history was overstated because, *inter alia*, he claimed that he was innocent of a

prior conviction to which he had pled guilty, Judge Marchant stated:

> Mr. Muhammad, there's an old saying, you have to sleep in the bed you
> made. You got a conviction in 1993 for drugs. While you were on
> probation for that conviction, you got another charge for possession of a
> firearm by a felon. You were convicted of that charge. You've got at least
> three other instances in here that I found where you have received other
> criminal charges, and while you were on bond on those charges, you
> received yet additional criminal charges. That's why you're being detained.
> And that's not my record, that's not the Government's record, that's not
> Mr. Curry's record, that's your record. And that's the reason you're being
> detained. And if there's fault to be found, the fault lies with you, nobody
> else, nobody else's fault.

*Id.* at 22–23.

Reviewing these findings, the undersigned cannot conclude under any standard of review that the court erred in detaining Petitioner. Petitioner's challenge fails, and it is recommended that the District Court dismiss his § 2241 petition requesting release.

2)      Subsequent Bail Requests Denied Without Hearing or Government Input

Further, to the extent that Petitioner argues that another Magistrate Judge denied bond on May 22, 2009 in the "same manner" as the prior Magistrate Judge with no findings of fact or written statement of reasons, his claim is without merit. Nowhere does Petitioner cite to a right to have repeated detention hearings under the law. The Bail Reform Act, 18 U.S.C. §§ 3141–56, provides for one detention hearing at a defendant's initial appearance, or after a short continuance. 18 U.S.C. § 3142(f). This decision can be reviewed under two circumstances: (a) upon a showing that there is new evidence "that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of detention, 18 U.S.C. § 3142(f); or (b) pursuant to 18 U.S.C. § 3145, upon a party's motion for revocation or amendment of the order of release or detention, the reviewing judge then considers the issue of detention *de novo*. Petitioner here has cited neither § 3142(f) nor § 3145 in his numerous requests for bond and has not otherwise demonstrated new evidence not known to him that materially bears on the issue of detention that would entitle him to a detention hearing beyond his initial detention hearing.

Petitioner argues that the court improperly denied his requests for bond, as follows: (1) on January 13, 2011 in failing to recognize defense counsel's difficulty in

meeting with Petitioner to prepare for trial, in light of the grant of continuances without concern for Petitioner's continued lengthy detention; (2) on May 2, 2011 after the court declared a mistrial in light of the government's alleged misconduct; and (3) in granting the government's two requests for extensions after denying on July 7, 2011 Petitioner's motion to dismiss based upon the double jeopardy clause. Petitioner argues that his July 14, 2009 motion to reconsider bond was denied on July 17, 2009 without any written reasons or findings of fact or court hearing.

Petitioner does not demonstrate how the denials were improper, especially in light of his failure to present any new evidence or argument for reconsideration pertinent to the factors contained in 18 U.S.C. § 3142(g), which are the statutory factors for the court to consider in determining whether to release a defendant. For the same reasons as stated in the foregoing section finding that detention was appropriate, it is recommended that this claim be denied.

### 3) Absence of AO472 Form

Petitioner complains that because there was no AO472 form filed, he did not have an opportunity to appeal. Petitioner has not identified how his right to appeal was impeded by the lack of a form being entered. Especially considering his repeated bail requests to the District Judge, as well as his requests for release to the Fourth Circuit, Petitioner cannot seriously argue that his access to the courts has been impeded by the absence of a particular form being filed in the Criminal Action docket.

4) Court Allegedly Delayed in Ruling on Bond Requests

Petitioner argues that the District Judge waited until March 25, 2009 to rule on a motion for bond he claims he filed on January 22, 2009. As an initial matter, the undersigned has been unable to locate in the Criminal Action docket any record of a motion for bond filed on January 22, 2009. The docket reflects that counsel for Petitioner filed the following motions on January 22, 2009:

1. Motion for Bill of Particulars [Entry #17]
2. Motion to Suppress All Evidence [Entry #18]
3. Motion to Compel [Entry #19]
4. Motion to Compel [Entry #20]
5. Motion to Suppress Identification [Entry #21]
6. Motion to Suppress Evidence [Entry #22]
7. Motion to Change Venue [Entry #23]
8. Motion for Discovery [Entry #25]
9. Motion for Release of Brady Materials [Entry #26]
10. Motion to Reveal Grant of Immunity [Entry #27]
11. Motion for Discovery [Entry #28]
12. Motion to Reveal the Deal [Entry #29]
13. Motion for Release of Brady Materials [Entry #30]
14. Motion for Discovery [Entry #31]
15. Motion to Compel Discovery [Entry #32]
16. Motion for Extension of Time to File Other Motions [Entry #33] and
17. Motion to Dismiss [Entry #34].

On March 25, 2009, Judge Duffy conducted a hearing on the foregoing motions. Near the end of the hearing (page 101 of 107-page transcript), Petitioner's counsel made an oral motion to revisit the bond issue, and the government replied that additional charges were forthcoming via a superseding indictment. Judge Duffy announced, "I'm going to wait until the Government supersedes the indictment and we'll see what is charged in that superseding indictment. And then if you want to reapply, we'll talk about it at that time." *Id.* at pp. 105–06.

Petitioner has provided no facts or law supporting his contention that there was a delay between his motion and the ruling. Section 3145(b) provides that a motion for revocation or amendment of the detention order shall be determined promptly. Judge Duffy immediately ruled on Petitioner's oral motion for bond on March 25, 2009 and stated that if Petitioner wished to reapply for bond after the superseding indictment, that he would address it at that time. Further, the undersigned rejects Petitioner's argument that his rights were somehow violated by the court's announcement that it would await the charges in the impending superseding indictment before readdressing the bail issue. The law authorizes reopening a detention hearing when previously nonexistent, material information is brought to light. Therefore, information giving rise to the additional charges in the superseding indictments would support the court's decision on Petitioner's release or detention and the slight delay until the superseding indictment issued on April 15, 2009 does not support Petitioner's habeas petition. Because Petitioner's claim is without merit, it is recommended that it be denied.

5)     Alleged Partisanship by Trial Judge

In Ground Eight of the petition, Petitioner alleges "excessive partisanship shown by the trial judge pro the government in spite of the 'overwhelming' evidence pointing to [Petitioner's] innocence, and the government's blatant misconduct." [Entry #1 at 8]. In the Supporting Facts section, Petitioner recites that he is not a flight risk or a violent threat to any one, that there was never any direct evidence pertaining to this case, and cites to the government's *Brady* violation. *Id.* Petitioner notes "the multiple continuances to the Appellant's Brief I humbly believe warrants some 'relief' from a three year four

month county jail incarceration. I humbly ask that this court genuinely considers my petition." *Id.* Because Ground Eight does not allege a proper claim for habeas relief, it should be dismissed.

Petitioner has an attorney in his pending criminal case and through his attorney he may raise any meritorious claims he has regarding the issues he attempts to bring herein. Petitioner has not alleged nor shown that those remedies are inadequate to have his claims heard. Important considerations of federal court efficiency and administration require that unsupported claims of partisanship like those alleged by Petitioner be denied and the criminal court process play out before the assigned trial judge.

III.     Conclusion

For the foregoing reasons, it is recommended that Respondent's motion for summary judgment be granted and the petition be dismissed.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 18, 2012                              Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).