# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rashad Saleem Muhammad, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 1:12-25-PMD-SVH |
| v. ) | |
| ) | **ORDER** |
| Al Cannon, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## BACKGROUND/PROCEDURAL HISTORY

Rashad Saleem Muhammad ("Petitioner") was originally indicted on criminal charges on December 9, 2008 and ordered detained immediately after an arraignment hearing on December 30, 2008. On April 15, 2009 the government obtained a superseding indictment against Petitioner and on October 13, 2010 a second superseding indictment was filed against Petitioner. The second superseding indictment added two co-defendants and charged five counts—possession with intent to distribute marijuana, conspiracy to distribute marijuana, unlawful transport of firearms, and use of a firearm during and in relation to a drug trafficking crime.

A jury trial on those charges began on May 2, 2011. During the trial, a witness for the government, Special Agent Christopher Neville, used his file to refresh his recollection as to particular dates that he was asked about during his testimony. Petitioner's attorney questioned whether he had been provided everything in Agent Neville's file pursuant to Fed. R. Evid. 612. Upon reviewing the Agent's file that evening, the Assistant United States Attorney ("AUSA") discovered several pages of handwritten documents that had not been produced. He immediately emailed copies of those notes to each Defendant's lawyer. Specifically, the documents included

1

notes indicating that Petitioner's co-defendant made a statement to officers contradicting his prior statement regarding Petitioner's whereabouts on the night of the events leading to his arrest. Petitioner argued that the Court should dismiss the indictment and/or declare mistrial and attach jeopardy to the mistrial based on prosecutorial misconduct. Petitioner asked for a mistrial only if the Court would immediately grant a motion to dismiss based on double jeopardy.

The Court declared a mistrial because of the incurable problems associated with attempting to continue with a joint trial, but found that there was no intentional prosecutorial misconduct entitling defendants to a dismissal of the charges. In response, Petitioner filed a motion to dismiss the indictment against him, arguing he did not consent to the mistrial and that it was not manifestly necessary. The Court denied Petitioner's motion. Petitioner then filed an interlocutory appeal of the denial of the motion to dismiss, which is currently pending.

Petitioner, proceeding *pro se*, filed his petition for writ of habeas corpus on January 4, 2012 pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), DSC, this matter was referred to a United States Magistrate Judge ("Magistrate") for pre-trial proceedings and a Report and Recommendation ("R&R"). Petitioner seeks bond, so he can be released from custody while the underlying criminal action against him is on interlocutory appeal. Petitioner asserts the following eight grounds in his petition.

**Ground (1):**

Federal Magistrate Bristow Marchant detained him without any finding of fact or clear and convincing evidence and Judge Marchant failed to comply with certain codes and failed to adequately address certain factors including the nature and circumstances of the offense charged.

**Ground (2):**

On May 22, 2009 Magistrate Judge Carr improperly denied bond. Furthermore on July 19, 2009, before the District Court, Petitioner was erroneously denied his motion to reconsider bond because there were no written reasons or findings of fact, no court hearing, and no clear and convincing evidence that Petitioner was a flight risk or violent threat to society.

**Ground (3):**

The District Court erroneously refused to review the detention orders and the government did not present any argument to justify detainment.

**Ground (4):**

On October 18, 2010 Petitioner again asked for bond and again it was denied improperly under the circumstances.

**Ground (5):**

On January 13, 2011 the District Court improperly denied a request for bond especially in that the Court failed to recognize defense counsel's difficulty in meeting with Petitioner to prepare for trial. The denial of bond was also improper in light of the Court's grant of a continuance without any concern for the lengthy detention of Petitioner.

**Ground (6):**

Petitioner's request for bond after the Court declared a mistrial on May 2, 2011 was improperly denied and should have been granted in light of the government's misconduct.

**Ground (7)**:

Since the Court's July 7, 2011 dismissal of Petitioner's Motion to Dismiss Due to Double Jeopardy, the government has filed for two extensions knowing the already lengthy extent of Petitioner's detainment.

**Ground (8):**

Petitioner alleges excessive partisanship shown by the trial judge in favor of the government in spite of the government's misconduct that led to the May 2, 2011 mistrial and overwhelming evidence pointing to Petitioner's innocence.

The Magistrate reviewed the petition and issued an R&R on February 27, 2012 that recommended dismissing the habeas petition without prejudice and without issuance and service of process because "a district court does not have jurisdiction over a habeas petition where issues could be dispositive of underlying criminal charges if resolved in Petitioner's favor, and Petitioner has not exhausted his claims at trial and on direct appeal." R&R 6 (relying on *Morrow v. Terrrell*, 715 F. Supp. 2d 479, 480 (S.D.N.Y.), which states that where a "criminal trial . . . [has] not yet commenced[,]" § 2241 petition filed by federal detainee [is] "premature" and district court lacks subject matter jurisdiction (citing *Johnson v. Ashcroft*, 40 F. App'x. 633, 634 (2d Cir.2002))). In an Order dated April 24, 2012, this Court found jurisdiction over Petitioner's habeas petition and remanded the case to the Magistrate for an R&R on the nonjurisdictional issues in this case. On July 19, 2012, a Motion for Return and Summary Judgment was filed by Respondent, and Petitioner filed a timely response, as supplemented on August 15, 2012. The Magistrate carefully considered the parties' submissions and the record in this case and issued an R&R on September 18, 2012 recommending that Respondent's Motion for Summary Judgment be granted.

This matter comes before the Court upon Petitioner's Objection[1] to the Magistrate's R&R recommending that Respondent's Motion for Summary Judgment be granted. Having reviewed the entire record, including Petitioner's Objection, the Court finds the Magistrate fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

## STANDARD OF REVIEW

**A.**     **Magistrate's R&R**

The Magistrate only makes a recommendation to the Court. It has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Parties are allowed to make a written objection to a Magistrate's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the Court reviews de novo those portions of the R&R that have been specifically objected to, and the Court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Petitioner filed his complaint without a lawyer and continues *pro se. Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] An Objection to the R&R was due by October 5, 2012. Petitioner did not file his Objection to the Magistrate's R&R until October 15, 2012. However, Petitioner submitted a Change of Address with the Court on September 24, 2012 and therefore, the first-mailed attempt of the R&R was returned. The R&R was then mailed to the correct address on October 2, 2012. As such, the Court finds Petitioner's Objection timely.

B.	**Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(c)**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown by citing to the record "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material facts and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Tr. of Maryland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992).

## **ANALYSIS**

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 484–85 (1973). Pretrial detainees may file a habeas corpus petition pursuant to 28 U.S.C. § 2241. *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995). However, the mere fact that a district court has jurisdiction to entertain a § 2241 petition by a petitioner who has not yet been convicted does not mean that the petitioner is seeking an appropriate pretrial remedy. *See e.g., Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008) ("Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas

corpus petition."). To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee must first exhaust other available remedies. *See, e.g.*, *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979) ("[T]he writ of habeas corpus should not do service for an appeal."); *Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

## A.     Bond-related Objections

The majority of the arguments set forth in Petitioner's Objection to the R&R relate to the alleged errors made by the Magistrate Judges and the District Judge in denying Petitioner's initial and subsequent requests for bond. The Bail Reform Act requires a magistrate judge or district court judge to order a defendant detained before trial if the judge determines "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

Petitioner claims that the "Magistrate did not comply with 18 U.S.C. § 3142(g) and its list of factors" at his detention hearing on December 30, 2008. Pet'r's Objection to R&R 2. Instead, the Magistrate chose just one factor to detain him, which was misapplied, and failed to explore any of the other factors. *Id.* A review of the transcript from Petitioner's detention hearing refutes this claim. After hearing extended arguments from the AUSA, Petitioner's counsel, and the Petitioner himself, the Magistrate made oral findings on the record. After no objections by either party, it was correctly noted by the Magistrate that the presumption of dangerousness and likelihood of flight under 18 U.S.C. § 3142(e) attaches to Petitioner's charges. The Magistrate then considered Petitioner's past criminal record, including a federal conviction while on probation and more recent arrests since then; the seriousness of the current

charges—a mandatory minimum of ten years; and all the factual information in the pretrial services report, which were found proven after no corrections or objections from either party. Because these are precisely some of the factors that must be considered, as outlined in § 3142(g),[2] the Court finds no merit in Petitioner's objection.

Petitioner also argues that he is entitled to immediate release because there was no written detention order or written findings of fact as required by 18 U.S.C. § 3142(i). Pet'r's Objection to R&R 3. Section 3142(i) states that "[i]n a detention order issued under subsection (e) of this section, the judicial officer shall … include written findings of fact and a written statement of the reasons for the detention." However, notwithstanding the mandatory nature of section 3142(i), if the transcript of a detention hearing "evinces a clear and legally sufficient basis for the court's determination, [it] will satisfy the requirements of section 3142(i). *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988) (per curiam); *see also Moore's Federal Practice 3D*, § 309.10[2] District Court's Reasons for Order Regarding Release or Detention ("To assist the review process, the district court is required to state in writing, or orally on the record, its reasons for granting or denying the requested relief."). Such a holding comports with Rule 9 of the Federal Rules of Appellate Procedure, which states that the district court must "state in *writing or orally on the record*, the reasons for releasing or detaining a defendant in a criminal case. Rule 9(a), F.R.A.P. Release in a Criminal Case (emphasis added); *see e.g.*, *United State v. Nwokoro*, 651 F.3d 108, 109 (D.C. Cir. 2011). While it would have been better practice

---

[2] The judge must consider the following: 1) "[t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence;" 2) "the weight of the evidence against the person;" 3) "the history and characteristics of the person," including, among other things, the person's family ties, length of residence in the community, employment, past conduct, criminal history, and past record of appearances at court proceedings; and 4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

had the Magistrate reduced his oral findings and reasons for detention to writing, the Court finds that a review of the transcript from Petitioner's initial bond hearing shows that the Magistrate's oral findings and conclusions are adequate for appellate review. This position is further supported by the fact that the Magistrate allowed Petitioner to speak, at length, at the hearing and engage in a dialogue wherein the Magistrate carefully spelled out the reasons for the denial of Petitioner's bond. The Court also notes that Petitioner could have asked the Magistrate Court at the conclusion of that hearing or shortly thereafter to reduce its findings and reasons for detention to writing. Under these circumstances, Petitioner was not deprived of any right secured by § 3142(i). Therefore, Petitioner's argument is without merit.

Similarly, Petitioner argues that it was clear error by the District Court under Rule 9 when it refused to review the reasons for detention, conduct a hearing, and make independent findings of fact. Pet'r's Objections to R&R 2. Section 3145 provides in relevant part: "(b) Review of a Detention Order.– If a person is ordered detained by a magistrate . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." As correctly noted in the R&R, Petitioner did not seek review of the detention order pursuant to § 3145(b). Instead, Petitioner's counsel orally moved for bond to be reconsidered at a motions hearing on March 25, 2009, which was denied. Petitioner failed to timely appeal the District Court's affirmance of the Magistrate's order of detention to the Fourth Circuit pursuant to § 3145(c). Then, after the Grand Jury returned a superseding indictment against Petitioner, Petitioner filed another motion for bond reconsideration on May 5, 2009. Magistrate Judge Carr held a hearing on May 22, 2009, and denied bond because there was not any change in circumstances justifying a change in detention status pursuant to 18 § 3142(f). On July 14, 2009, Petitioner filed a motion for bond reconsideration with the District Court

containing no argument, but noting that the Magistrate told Petitioner he could take the matter up with the District Judge.  The motion was promptly denied on July 17, 2009.  On August 3, 2010, Petitioner filed another motion for bond with the District Judge, which was also promptly denied on August 10, 2010. At a motions hearing the very next day, Petitioner's counsel orally requested bond, and the District Judge denied the motion and stated that Petitioner can appeal if he so choses.  As the R&R points out, Petitioner did not file a bail appeal with the Fourth Circuit until almost three months later, making his notice of appeal untimely. As such, the issue of detention was not properly presented to the Fourth Circuit pursuant to § 3145, and on November 24, 2010, the Fourth Circuit dismissed his appeal.  Petitioner's failure to properly exhaust the remedies that were available to him to attack his detention order is fatal to his bond-related arguments now made in his § 2241 Petition. *See e.g., United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (absent unique circumstances, defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145).

Further, as stated in the R&R, given the procedural posture of this case, relief through a § 2241 is not warranted. *See Fassler*, 858 F.2d at 1018 (Fifth Circuit explaining that there is a "potential for abuse of the writ and for unnecessary duplication of appeals" when a defendant's challenge to pretrial detention could have been handled by review under 18 U.S.C. § 3145).  A review of the criminal docket shows that Petitioner filed several motions requesting that he be released on bail, followed by more motions for reconsideration of his continued detention, all of which were promptly decided by the courts. Petitioner has also already filed a similar § 2241 with the Fourth Circuit, which was denied.  It is evident that the Magistrate Court, this Court,

and also the Fourth Circuit have already ruled on the bail issue. Therefore, the Court agrees with the R&R that entertaining a habeas petition raising the same issue once again would allow for duplicitous litigation.

**B.     Delays**

Petitioner also objects on the ground that the R&R failed to address "the multiple delays caused by both the government, which ha[ve] been for no other reason but to gain a tactical advantage," and the judges, in failing to take the government's actions under consideration and in appointing ineffective attorneys to represent Petitioner. *See* Pet'r's Objections to R&R 1, 3-4. If indeed Petitioner is attempting to challenge pending federal criminal proceedings by claiming he has been denied speedy trial rights, his claim must be raised in a proper motion filed in the criminal case. *See Green v. Richardson*, No. 09-3234, 2009 WL 4049973, at *2 (D. Kan. Nov. 20, 2009) ("[F]ederal habeas courts should not intervene in pending federal criminal prosecutions where the defendant has available an adequate forum for his federal claims."). "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918). While the phrase "exceptional circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Petitioner's claim and any other defense he may have to the criminal charges against him can and must first be raised by his criminal defense attorney in his criminal case and on appeal to the Fourth Circuit Court of Appeals, as necessary and permitted. *Green*, 2009 WL 4049973, at *2; s*ee also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (Generally, federal habeas corpus does not lie, absent

"special circumstances," to adjudicate the merits of an affirmative defense to a criminal charge prior to a judgment of conviction in the trial court.) Therefore, no "exceptional circumstances" exist to permit Petitioner to invoke the habeas statute, and as stated in the R&R, considerations of federal court efficiency and administration dictate that this Court refrain from judgment and allow the criminal case to play out before the assigned trial judge.

The Court finds that the Magistrate correctly concluded that Petitioner's § 2241 habeas petition should be dismissed for failure to state a claim and due to Petitioner's failure to exhaust available remedies. Accordingly, after de novo review of Petitioner's Objection, the Court fully adopts the Magistrate's R&R.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Respondents' Motion for Summary Judgment is **GRANTED** and that Petitioner's Petition is **DENIED**.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**November 8, 2012**
**Charleston, SC**